United States v. Lidderdale

Case No. 5:12MJ08000

Defendant's Sentencing Memorandum

Appendix I

Slip. Op. United States v. Minkel

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1995 WL 230352 (S.D.N.Y.)
**(Cite as: 1995 WL 230352 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York
UNITED STATES of America,
v.
Herbert MINKEL, Defendant.
**94 CR. 910 (RWS).**

April 17, 1995.

*SENTENCING OPINION*

SWEET, District Judge.

*1 Defendant Herbert Minkel ("Minkel") pled guilty on December 14, 1994 to one count of **failure to file** income tax returns in violation of 26 U.S.C. § 7203, a Class A misdemeanor. For the reasons set forth below, a sentence of three years probation and, in an upward departure from the range provided by the U.S. Sentencing Guidelines (the "Guidelines"), a fine of $20,000, will be imposed, subject to the sentencing hearing now set for April 17, 1995. Pursuant to 18 U.S.C. § 3013, a special assessment of $25.00 is mandatory.

*The Guidelines*

Since the sentencing ranges for tax offenses contained in the Guidelines have been revised upwards since the time of Minkel's offense, to apply the current Guidelines in this case, as is usually required, *see* Guidelines § 1B1.11, would violate the constitutional prohibition against *ex post facto* laws. *See Miller v. Florida,* 482 U.S. 423, 429-32 (1987). For this reason the Guidelines in effect on November 1, 1991 (the "1991 Guidelines") are used in their entirety herein for the calculation of Minkel's sentence.

The Presentence Report prepared by the U.S. Probation Office grades Minkel's offense conduct under the 1991 Guidelines at a base offense level of 11. Minkel has demonstrated acceptance of responsibility for his offense, which fact warrants a two-level reduction, yielding a net offense level of 9. Minkel is assigned a Criminal History Category of I. For an offender whose net offense level is 9 and whose Criminal History Category is I, the 1991 Guidelines call for a term of incarceration between four and ten months. The Probation Department has recommended a sentence of three years' probation with a five-month period of home detention.

The 1991 Guidelines recommend a fine ranging between $1,000 and $10,000 for the instant offense. The Presentence Report indicates that Minkel, who holds assets worth $1,130,731 and has a net worth of at least $864,312, is able to pay a fine greater than the maximum recommended by the 1991 Guidelines. Under the provisions of 18 U.S.C. 3553(b) a court is authorized to impose sentence outside the Guidelines range when there exists a circumstance not adequately considered by the Sentencing Commission in formulating those provisions which govern a given sentence.

*The Sentence*

Minkel, who is 48 years of age, is an attorney. Prior to his guilty plea, he was a partner in a preeminent New York law firm and a leading member of the bankruptcy bar. He authored a chapter of one of the definitive texts on bankruptcy law, has taught in law school, testified before Congress, and served on the Advisory Committee on Bankruptcy Rules to the U.S. Judicial Conference and the Business Bankruptcy Committee of the American Bar Association.

His professional commitments, his devotion to his clients and friends and his obsession with his practice, have dominated his personal life and blinded him to his duty as a citizen. He suffers from narcolepsy and as one friend has put it, he has never taken the time to get married. He is no longer a partner of his firm, and his ability to continue to practice law is in jeopardy.

*2 He did not file his tax returns for 1985, 1986 and 1987 until 1989, and did not file his 1988 return until 1991. For three years in 1989, 1990 and 1991 he made payments on his estimated tax, in the neighborhood of over $230,000, but again did not file his returns. Those returns established that over $114,000 of additional tax was owed. He was aware of his crime as he committed it, but was unable to face it or its consequences.

Many letters have been submitted in Minkel's

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 230352 (S.D.N.Y.)
(Cite as: 1995 WL 230352 (S.D.N.Y.))

Page 2

support, attesting to his strengths of character, depth of remorse, and outstanding qualifications as an attorney and scholar. These letters come from judges and eminent attorneys, many of whom are known to me personally and whom I respect and admire, and from family and friends. There is no evidence that his **failure to file** returns was financially motivated. Minkel's value system was so out of balance that he simply failed to complete a duty which every citizen must perform.

Our society is based upon individual responsibility for compliance with the laws applicable to us all. No obligation is more important for a citizen than to perform his duty as a taxpayer, to support our joint effort to protect our nation, to provide help for the disadvantaged, the young and the elderly, and to make our society as just and fair for us all as is possible. For any citizen to overlook or ignore the details of this obligation is a crime which undermines our society. Even an irrational compulsion cannot excuse Minkel's failure to comply with this duty.

The painful facts of this case place in sharp conflict the natural impulse for leniency toward an obsessive perfectionist with no prior record and the need to enforce compliance with the tax laws for all citizens and most particularly for lawyers. To serve the goals of rehabilitation and deterrence, pursuant to 18 U.S.C. 3563(b)(11) and the relevant Guidelines, Minkel will be sentenced to three years probation subject to the standing probation order of the court and subject to the additional conditions of the performance of community service at the rate of 450 hours annually, participation in **psychological** counselling, and intermittent confinement for a period of three months.

The maximum fine recommended by the 1991 Guidelines is an inadequate penalty relative to Minkel's ability to pay. This is, therefore, an atypical circumstance with respect to the maximum Guidelines sentence, which is, taken in its totality, inadequate to the severity of the offense and the need for deterrence. Without an express provision or implicit guidance in the text or commentary of the 1991 Guidelines on this question, this is a circumstance that was not considered by the Commission, and that an upward departure as to the fine is warranted. Minkel will be sentenced to pay a fine of $20,000.

Members of the press have sought to have access to the Probation Department presentence report and to the letters submitted to me on Minkel's behalf. The materials are customarily considered confidential unless a public purpose is served by their disclosure. No such purpose has been established and they will remain confidential. *United States v. Charmer Indus.*, 711 F.2d 1164, 1175 (2d Cir.1983); accord *United States v. Corbitt*, 879 F.2d 224, 229-30 (7th Cir.1989).

**\*3** This sentence is subject to a further hearing on this date.

It is so ordered.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.